In the Matter of Disciplinary Proceedings Against Paul B. Rudolph, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Paul B. Rudolph, Respondent.

Supreme Court

*No. 2009AP917–D. Decided September 15, 2009.*

2009 WI 94

(Also reported in 774 N.W.2d 466.)

¶ 1. PER CURIAM. This is a reciprocal discipline matter. We review a stipulation entered by Attorney Paul B. Rudolph and the Office of Lawyer Regulation (OLR) under SCR 22.12 for the imposition of discipline reciprocal to that imposed by the Supreme Court of Arizona. After our review of the matter, we accept the stipulation and impose the same 30–day suspension imposed by the Supreme Court of Arizona. We also require that Attorney Rudolph comply with the terms and conditions established by the Supreme Court of Arizona. Finally, we do not assess the costs of this disciplinary proceeding against Attorney Rudolph.

¶ 2. Attorney Rudolph was admitted to the practice of law in both Arizona and Wisconsin in 1991. His license to practice law in Wisconsin has been inactive since July 1999 and remains in inactive status at the present time.

¶ 3. The following facts are taken from documents relating to the Arizona disciplinary proceedings, which were attached to the OLR's complaint and acknowledged in the parties' stipulation. In 2002 Attorney Rudolph was the defendant in a malpractice action. Shortly after the malpractice action was settled in February 2004, Attorney Rudolph used an assumed name to send six e-mails to the attorneys who had

represented Attorney Rudolph's former client in the malpractice action against him. The e-mails contained profane and abusive language, and some of them contained slurs. In addition, some of the e-mails threatened physical harm to the opposing attorneys and mentioned their home addresses, causing distress to the attorneys and their families. The police were contacted and subsequently learned that Attorney Rudolph had been the sender of the e-mails. Attorney Rudolph had apparently stopped sending the e-mails of his own accord prior to being apprehended by the police.

¶ 4.   Attorney Rudolph was charged with and pled guilty to one count of misdemeanor harassment. The Arizona trial court imposed a $2,500 fine and sentenced Attorney Rudolph to ten days of unsupervised probation. The probationary period was subsequently waived because Attorney Rudolph immediately paid the fine.

¶ 5.   After what appears to be a very thorough disciplinary process, the Disciplinary Commission of the Supreme Court of Arizona decided that Attorney Rudolph's license to practice law in Arizona should be suspended for a period of 30 days. It also required that Attorney Rudolph be subject to two years of "probation" under the Arizona State Bar's Member Assistance Program. Finally, it required that Attorney Rudolph pay the costs of the disciplinary proceeding. Under Arizona disciplinary procedure, if no notice of appeal is filed from the Disciplinary Commission's report and order, the clerk of the Supreme Court of Arizona enters a judgment of the court in conformity with the report and order. That appears to have occurred in this case.

¶ 6.   The stipulation between Attorney Rudolph and the OLR states that Attorney Rudolph was found in the Arizona disciplinary proceeding to have (1) commit-

287

ted a criminal act; (2) engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; (3) engaged in conduct that was prejudicial to the administration of justice; and (4) engaged in conduct involving offensive personality. The stipulation acknowledges the 30–day suspension and two-year probation period imposed by the Supreme Court of Arizona. In the stipulation Attorney Rudolph states that he does not claim any of the "defenses" set forth in SCR 22.22(3)(a)-(c). He agrees that he is subject to reciprocal discipline pursuant to SCR 22.22[1] (Count 1), and that he failed to notify

[1] SCR 22.22 states as follows: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

the OLR of the suspension of his license to practice law in Arizona within 20 days of the suspension, in violation of SCR 22.22(1) (Count 2). The stipulation requests that this court suspend Attorney Rudolph's license to practice law in Wisconsin for 30 days and "order that [Attorney] Rudolph comply with the terms and conditions established by the Arizona Supreme Court."

¶ 7. The stipulation states that it was not the result of plea bargaining. In the stipulation, Attorney Rudolph verifies that he fully understands the misconduct allegations against him, he fully understands his right to contest the allegations and to have the advice of counsel in contesting them, and he fully understands the ramifications of the stipulated discipline, in the event this court accepts the stipulation. Attorney Ru-

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

289

dolph represents that he entered the stipulation knowingly and voluntarily, and he admits the facts and claims of misconduct alleged by the OLR.

██

¶ 8.  After reviewing the matter, we accept the stipulation and impose the identical discipline imposed by the Supreme Court of Arizona. SCR 22.22(3). Although we generally do not impose 30–day suspensions, we will do so in the context of a reciprocal discipline situation in order to impose the identical discipline as imposed by the other jurisdiction. *See, e.g., In re Disciplinary Proceedings Against Grady,* 188 Wis. 2d 98, 523 N.W.2d 564 (1994).

¶ 9.  In addition, where the other jurisdiction has imposed a form of probation or other discipline that this court generally does not utilize, we have required that the attorney comply with the terms and conditions of the other jurisdiction's disciplinary order in order to make the discipline identical. *See, e.g., In re Disciplinary Proceedings Against Moree,* 2004 WI 118, 275 Wis. 2d 279, 684 N.W.2d 667. We do so in the present case.

¶ 10.  Finally, as requested by the OLR, in light of Attorney Rudolph's cooperation and the fact that this matter was resolved by stipulation without the necessity of appointing a referee, we decide not to assess the costs of this disciplinary proceeding against Attorney Rudolph.

¶ 11.  IT IS ORDERED that the license of Paul B. Rudolph to practice law in Wisconsin is suspended for a period of 30 days, effective as of the date of this order.

¶ 12.  IT IS FURTHER ORDERED that Paul B. Rudolph shall comply with the terms and conditions of probation set forth in the Supreme Court of Arizona's judgment and order of September 3, 2008.

¶ 13.  IT IS FURTHER ORDERED that to the extent he has not already done so, Paul B. Rudolph shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.